NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 63

No. 2015-260

| | |
|---|---|
| In re Burns Two-Unit Residential Building (Michael Long, et al., Appellants) | Supreme Court |
| | On Appeal from Superior Court, Environmental Division |
| | December Term, 2015 |

Thomas G. Walsh, J.

Norman Williams and Petra A. Halsema of Gravel & Shea PC, Burlington, for Appellants.

Kimberlee J. Sturtevant, Assistant City Attorney, Burlington, for Appellee City of Burlington.

Brian P. Hehir, Burlington, for Appellees Charles and Cynthia Burns.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **DOOLEY, J.** This case is about modifications to a two-unit residential building owned by Cynthia and Charles Burns (applicants) in Burlington. A group of nineteen Burlington residents (neighbors) appeal a decision from the Superior Court, Environmental Division declining to reach the merits of neighbors' claim that applicants converted their home into a duplex without a zoning permit on the grounds that the challenge was precluded by a prior decision under 24 V.S.A. § 4472(d) or to consider whether a permit was required for applicants' other modifications. On appeal to this Court, neighbors argue: that their challenge is not precluded under § 4472(d) because the prior decision had not been rendered by the Burlington Zoning Administrator as the statute requires; that preventing an appeal without affording notice

and opportunity to be heard violates their due process rights; and that they are entitled to a determination by the Environmental Division of whether applicants' other modifications violated the zoning ordinance because they were done without a permit. We agree and reverse.

¶ 2. The underlying facts of this case are not in dispute. Applicants own a two-unit residential building in Burlington, Vermont. While the property transfer tax return for the property's purchase describes the building as a "multi-family dwelling," the purchase and sale agreement entered into by applicants and the prior owner in January 2014 describes the property as a "lot of land with a two unit apartment building," though the prior owner later executed an addendum to the agreement stating the property had been continuously used as a "duplex/multi-family dwelling" since 1967.

¶ 3. In March 2014, a neighborhood property owner, who is not one of the neighbors involved in this appeal, submitted a zoning enforcement complaint form to the City of Burlington Code Enforcement Office, in which she stated that applicants were conducting modifications and interior renovations to expand their living space to convert a single-family-home into two apartments, without any zoning permit from the city. An employee in the Burlington Code Enforcement Office with a title of "zoning specialist" responded by letter on May 15, 2014. The letter stated that the Code Enforcement Office had investigated the complaint and determined that the building had been used as a duplex from at least 1969 and that uses that preceded the adoption of the 1973 Burlington zoning ordinance were presumed valid because of the loss of records of that time. In support of her decision, the zoning specialist referenced affidavits from a tenant living in a third floor apartment at the property, as well as from applicants' predecessor in interest, affirming the property had been used as a duplex since the 1960s. The letter stated that the decision was appealable to the Burlington Development Review Board (DRB) within fifteen days of the decision, and it is uncontested that neither the complainant nor any other interested party appealed the May 15, 2014 decision. The decision

2

was not made available to the public, and no notice was provided to neighboring landowners or other potential interested parties.

¶ 4.    On June 3, 2014, applicants and the prior owner filed a certificate of "Non-Applicability of Zoning Permit Requirements" with the City of Burlington Department of Planning and Zoning, indicating their intention to transform the first floor of the building into one unit and the second and third floors into one unit.[1]  The form was approved the same day, applicants were informed that no zoning permit was required for the proposed work, and the decision was posted on the City's website under a section entitled "Applications Under Review." Neighbors appealed the zoning nonapplicability determination to the DRB.   On July 24, 2014, the DRB denied the appeal, stating that no zoning permit was required for the proposed alterations to the property.  Neighbors then appealed that decision to the Environmental Division, and raised three issues: (1) Does the project require a zoning permit under section 3.1.2 of the Burlington Comprehensive Development Ordinance (CDO)?; (2) Does the property meet the requirements for use as a duplex under the CDO?; and (3) If not, may applicants continue using the property as a duplex under the doctrine of prior nonconforming use?   Applicants moved for summary judgment on all three questions; the City of Burlington filed a memorandum in support of their motion.

¶ 5.    In a June 23, 2015 decision, the Environmental Division granted applicants' motion for summary judgment.  The trial court concluded that the use of the property as a duplex was "conclusively decided in [the] May 2014 letter," a decision that became final and binding when it was not appealed under 24 V.S.A. § 4472(d), which states that:

> Upon the failure of any interested person to appeal to an appropriate municipal panel under section 4465 of this title, or to appeal to the Environmental Division under section 4471 of this title, all interested persons affected shall be bound by that decision or act of that officer, the provisions, or the decisions of the panel,

---

[1] At that time, the first two floors comprised one unit and the third floor a second.

3

as the case may be, and shall not thereafter contest, either directly or indirectly, the decision or act, provision, or decision of the panel in any proceeding, including any proceeding brought to enforce this chapter.

In turn, § 4465(a) provides that:

An interested person may appeal any decision or act taken by the administrative officer in any municipality by filing a notice of appeal with the secretary of the board of adjustment or development review board of that municipality or with the clerk of that municipality if no such secretary has been elected. This notice of appeal must be filed within 15 days of the date of that decision or act, and a copy of the notice of appeal shall be filed with the administrative officer.

The trial court rejected neighbors' arguments that § 4472(d) applies only to decisions by the zoning administrator, rather than the Code Enforcement Office zoning specialist, and that precluding their appeal would deprive them of rights of due process. The court found that the letter itself made clear the decision pertained to the property's legal status and was attributable to the City and appealable to the DRB, that the zoning administrator had granted the zoning specialist the "power to issue such letters" and "personally reviewed and authorized this letter," and that the text of § 4472(d) makes explicit the final and binding nature of these kinds of zoning decisions.

¶ 6.     The court also found that neighbors' allegation that they had been deprived of their due process right to contest the determination because they did not have notice of the letter to the original complainant "immaterial" because § 4472(d) "does not require [that] notice of a decision in response to a zoning complaint be served on neighboring landowners." Thus, it held that neighbors were precluded from collaterally challenging the May 2014 decision in any subsequent proceeding by arguing that the use of the property as a duplex violated the Burlington CDO. Finally, the court held that applicants' proposed changes to their property—which did not involve an increase or decrease in the number of units, an increase in living space, or any other

4

interior renovations—did "not constitute development under the plain language of the CDO,"[2] such that no permit was required for those renovations. In reaching the latter decision, the court ruled that neighbors' claims that applicants had done work that increased interior space was not properly before it because these claims were not before the DRB. This appeal followed.

¶ 7. In their brief to this Court, neighbors raise the following arguments: (1) that their appeal from the DRB to the Environmental Division is not barred by 24 V.S.A. § 4472(d) because by its terms, § 4472(d) applies only to decisions of a municipality's zoning administrator; (2) that barring their appeal would violate due process since neighbors had no notice or opportunity to be heard on the original complainant's zoning complaint to the Burlington Code Enforcement Office and; (3) that neighbors are entitled to a ruling on the merits with respect to their claim that interior modifications increasing the property's floor space required a zoning permit.

¶ 8. "Our review of the Environmental Division's decision on a motion for summary judgment is de novo." In re Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 10, 195 Vt. 586, 93

---

[2] CDO § 3.1.2 states that

> [e]xcept for that development which is exempt from a permit requirement under sec. 3.1.2(c), no development may be commenced within the city without a zoning permit issued by the administrative officer including but not limited to the following types of . . . interior work:
>
>  . . . .
>
>  (b) Interior work:
>
>> 1. Increase in habitable living space (including, but not limited to, attic, bedroom, basement, garage, and winterizing or otherwise enclosing a porch).
>> 2. Installation of additional kitchen.
>> 3. Change in use.
>> 4. Home occupations.
>> 5. Increase or decrease in the number of units.

A.3d 82. We apply the same standard as the trial court. In re Request for Jurisdictional Op. re: Changes in Physical Structures & Use at Burlington Int'l Airport for F-35A, 2015 VT 41, ¶ 6, 198 Vt. 510, 117 A.3d 457. Summary judgment is appropriate if there are no genuine issues of material fact, entitling the movant to judgment as a matter of law. Id.

¶ 9. We begin with neighbors' assertion that their appeal from the Burlington DRB to the Environmental Division should not be barred. Neighbors cite two alternative rationales. First, they contend that § 4472(d) applies only to decisions of a municipality's zoning administrator—because the letter to the original complainant was authored by an employee of the Code Enforcement Office, § 4472(d)'s preclusive effects do not apply.

¶ 10. Second, they maintain that a refusal to entertain their appeal would violate due process guaranteed by the U.S. Constitution. They rely on Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982), for the proposition that a cause of action is a "species of [protected] property" and argue that collateral estoppel cannot be constitutionally applied against nonparties, who had a right of review of the administrative decision, but had no notice of it to allow them to litigate it. Because we agree as to the first argument, we need not reach the constitutional question. See State v. Bauder, 2007 VT 16, ¶ 27, 181 Vt. 392, 924 A.2d 38 ("It is, of course, a fundamental tenet of judicial restraint that courts will not address constitutional claims—least of all novel or unresolved constitutional claims—when adequate lesser grounds are available.").

¶ 11. If a statute is unambiguously clear on its face, then it is not construed, but instead, "enforced in accordance with its express terms." Sanders v. St. Paul Mercury Ins. Co., 148 Vt. 496, 504, 536 A.2d 914, 918 (1987) (quotation omitted); see also Smith v. Town of St. Johnsbury, 150 Vt. 351, 355, 554 A.2d 233, 237 (1988) ("Where the meaning of the words chosen is plain, we must give effect to the words chosen"). In particular, we note that "when a statute limits a thing to be done in a particular manner, or by a prescribed person or tribunal,

6

there is an implication that it shall be done in no other manner, <u>nor by a different person or tribunal</u>." <u>Grout v. Gates</u>, 97 Vt. 434, 448, 124 A. 76, 80 (1924) (emphasis added).

¶ 12.   Here, § 4472(d) provides that if any interested person fails to appeal to the appropriate municipal panel "under § 4465 of this title . . . all interested persons affected shall be bound by that decision or act of that officer."  Section 4465(a) states that an interested person "may appeal any decision or act taken <u>by the administrative officer</u> in any municipality" (emphasis added), and outlines the attendant procedure. Section 4468 provides that an administrative officer for the municipality is nominated by the planning commission and appointed by the legislative body.  In Burlington, the Director of Planning and Zoning is the "administrative officer" specified in § 4468.   Burlington CDO Art. 2, §§ 2.3.1, 2.3.2, https://perma.cc/B4ZV-QFKL (hereinafter CDO).   Under § 2.3.3(b) of the ordinance "The administrative officer shall have the ultimate responsibility for all matters relating to the enforcement of the zoning ordinance . . . [and] shall retain the exclusive jurisdiction to make administrative interpretations (subject to appeal) concerning the terms of such ordinance."[3] Section 4448(b) authorizes the appointment of assistant administrative officers if there are "clear policies regarding the authority of the administrative officer in relation to the . . . assistant officer," and the Burlington CDO authorizes assistant officers.  See CDO §§ 2.3.3(c), 2.7.3. There is no claim here, however, that the zoning specialist in the Permit Enforcement Office is an assistant administrator pursuant to § 4468 with "clear policies regarding . . . authority."

¶ 13.   The Environmental Division determined that § 4472(d) applied to preclude neighbor's appeal based in part on a "clear policy" that zoning determinations be given finality

---

[3]   The ordinance section also states that "protocols may be adopted by which the city's code enforcement office assists in zoning enforcement."   CDO § 2.3.3.   The Environmental Court found as fact "The Code Enforcement Office Zoning Specialist has been formally delegated authority from the City's Zoning Administrator to enforce the City's zoning regulations and has done so since the late 1990s."  As we note in the text, the finding appears to be inconsistent with the ordinance.

and not be subject to relitigation or collateral attack. We recognize that this principle governs when § 4472(d), and through it § 4465(a), apply but the question here is whether either statute applies. Section 4465(a) applies to "any decision or act taken by the administrative officer." In In re Fairchild, citizens sued the zoning administrator for failure to enforce the zoning ordinance against the owner of a property the use of which the plaintiffs alleged was improper. 159 Vt. 125, 131, 616 A.2d 228, 231-32 (1992). The Town argued that § 4472 precluded the action because plaintiffs did not appeal the administrator's failure to act to the zoning board of adjustment relying upon Town of Charlotte v. Richmond, 158 Vt. 354, 609 A.2d 638 (1992), and Town of Sandgate v. Colehamer, 156 Vt. 77, 589 A.2d 1205 (1990), as controlling. We disagreed because Fairchild involved a "zoning administrator's refusal to enforce the zoning laws" and the citizens were not parties to the zoning administrator's decision. Fairchild, 159 Vt. at 131, 616 A.2d at 232. The earlier decisions involved situations where the administrator had found a zoning violation and the landowner failed to appeal but was attempting to challenge the zoning administrator's decision as a defense to the enforcement action.

¶ 14. While Fairchild is not a definitive ruling that §§ 4465(a) and 4472(d) do not apply to a decision of a zoning administrator finding no zoning violation, even when the statutes are raised against interested parties, it shows a clear reluctance to apply a broad preclusion rule in that way. This case demonstrates one of the reasons for that reluctance. Neighbors had no way of knowing that a complaint to the Burlington Code Enforcement Office had been made and similarly no way of knowing how the complaint was addressed.[4] Only when applicants filed the certificate of nonapplicability of permit requirements was there public notice of applicants' plans and the zoning administrator's approval of those plans and by then it was too late to contest the

---

[4] Neighbors allege that, even if they had some form of notice, they would have been denied access to the complaint and its resolution because they were confidential. The City denies this. Resolution of this dispute is unnecessary. The more important point is that neighbors had neither actual nor constructive notice of the complaint and its resolution.

approval under the decision of the Environmental Division. While we leave to another day whether that deficiency equates to a due process violation, it is a strong reason not to adopt a broad reading of § 4472(d) in this case.

¶ 15. Returning to § 4465(a), it provides a remedy only with respect to a zoning administrator decision. The initial complainant about applicant's modified use went to the Code Enforcement Office, which is not a part of the Planning and Zoning Department. It was handled by a zoning specialist in that office, and the decision was signed by that employee. The evidence before the Environmental Division indicates that the letter was reviewed and approved but not signed by the zoning administrator. It does not say that it is a decision of the zoning administrator, even though the zoning administrator is responsible for enforcement of the zoning ordinance and has exclusive jurisdiction to interpret that ordinance. The letter from the zoning specialist stated that the complainant could obtain review of the decision by an appeal to the DRB within fifteen days, but the ordinance provides only for review of zoning administrator decisions in this way. CDO § 12.2.2.

¶ 16. We conclude that the letter sent to the initial complainant in response to her complaint was not a decision of the zoning administrator. Because it is not a decision of the zoning administrator, the complainant did not have to appeal it to the DRB to avoid the invocation of § 4472(d). As a result, it did not preclude neighbors from requesting the zoning administrator to enforce the zoning ordinance against applicants and from appealing to the DRB from the zoning administrator's decision that a permit was not needed. The Environmental Court erred in concluding that § 4472(d) applied and precluded review.

¶ 17. Neighbors' final argument is that they are entitled to a ruling on the merits with respect to their claim that interior modifications by the applicants increased the property's floor space and therefore required a zoning permit. They argue that a permit is required in instances where living space is increased by converting a basement into a living room, as evidenced by the

9

installation of carpeting and a couch. CDO § 3.1.2. The Environmental Division did not reach this argument because it found that neighbors had failed to raise it in the DRB. This issue was not raised by the initial complainant and was not addressed in the letter from the zoning specialist. Contrary to the decision of the Environmental Division, it was raised and decided against neighbors in the DRB. It was covered by the appeal to the Environmental Division. Because we have determined that neighbors' appeal is not barred by 24 V.S.A. § 4472(d) and because neighbors preserved the above issue by raising it before both the DRB and the Environmental Division, we remand the matter for determination on the merits to permit neighbors to present evidence and argument that a zoning permit was required for an expansion of living space.

Reversed and remanded for proceedings consistent with this opinion.

FOR THE COURT:

_____

Associate Justice

10