# STATE OF VERMONT

SUPERIOR COURT
Environmental Division Unit

ENVIRONMENTAL DIVISION
Docket No. 48-5-15 Vtec
142-12-15 Vtec, and 8-1-16 Vtec

| Langlois/Novicki Appeals and Enforcement |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Multiple Types (48-5-15 Vtec)

| | |
|---|---|
| Title: | Motion for Summary Judgment (Motion 2) |
| Filer: | Town of Swanton |
| Attorney: | Edward G. Adrian |
| Filed Date: | March 16, 2016 |

Response in Opposition filed on 04/14/2016 by Attorney Katelyn E. Ellermann for Appellant Edward Novicki.
Reply filed on 04/22/2016 by Attorney Edward G. Adrian for the Town of Swanton.

**The motion is DENIED.**

In its pending motion, the Town of Swanton ("Town") asserts that all facts material to Appellants' application for a variance (Docket No. 48-5-15 Vtec), their appeal of the notice of alleged zoning violation served upon them by the Town (Docket No. 142-12-15 Vtec), and the Town's zoning enforcement action (Docket No. 8-1-16 Vtec), are undisputed and that the applicable law requires that the Court enter summary judgment in each docket in the Town's favor and remove the opportunity for all parties to present evidence at a coordinated trial, currently scheduled to begin on Monday, July 11, 2016.

The three pending coordinated actions present somewhat novel legal issues concerning: (1) whether the applicable zoning regulations require a permit be received for the already built pergola; (2) whether the pre-existing cement seawall patio has legal relevance to the pergola permit question; (3) whether Appellants provided sufficient detail for their pergola plans to the Town of Swanton Zoning Administrator ("ZA"), not for a permit application, but rather for a determination of whether a permit was needed; (4) whether such a determination needs to be noticed and in writing to be relied upon; (5) whether Appellants may reasonable rely upon a verbal determination; and (6) how familiar Mr. Langlois was with the applicable zoning regulations and whether his knowledge has a legal impact upon Appellants' equitable estoppel claim against the Town.

It appears to the Court that many of the facts material to these legal questions are disputed. We therefore decline to grant the pending motion and direct that the parties prepare for trial.

As the parties prepare for trial, the Court offers the following questions and comments. First, the Court is familiar with the unenviable challenges that zoning administrators must address as property owners seek advice on what they may do on their property. Thankfully, our laws do not hold administrators to a perfection standard; we recognize that sometimes administrators make mistakes when called upon for regulatory interpretations. The disputed facts here may help render a legal determination on whether the ZA correctly interpreted the applicable regulations and, if not, whether Applicants' reliance upon that interpretation may be upheld. We will look to the applicable legal standards in determining what facts are relevant to these determinations. Compare In re Burns Two-Unit Residential Building, 2016 VT 63, ¶¶ 13–14 (only zoning administrator determinations that are properly noticed enjoy the benefit of finality of 24 V.S.A. § 4472(a)) with Town of Bennington v. Hanson-Walbridge Funeral Home, Inc., 139 Vt. 288, 292–93 (1981)(suggesting that an administrator's determination that no permit is required for a specified project is a binding determination).

Further, we question the relevancy of the ZA's acquaintance with Mr. Langlois and its bearing upon the legal issues at hand. If the trial evidence reveals that a permit is required under the applicable regulatory provisions for the now-constructed pergola, then it appears that the only legal issue remaining in the variance and NOV appeals is whether Applicants are legally entitled to rely upon what would have then been determined to be an incorrect determination. Facts that will govern that second legal issue are also disputed.

Lastly, we note that the legal standards for applying equitable estoppel are heightened when it is a governmental entity that is sought to be estopped. See, Lakeside Equip. Corp. v. Town of Chester, 2004 VT 84, ¶ 8, 177 Vt. 619. We look forward to all parties' presentations of evidence relevant to the application of equitable estoppel against the Town.

**So ordered.**

Electronically signed on June 10, 2016 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Katelyn E. Ellermann (ERN 6654), Attorney for Appellants Gary Langlois & Edward Novicki
Edward G. Adrian (ERN 4428), Attorney for the Town of Swanton
Interested Person Michael Heller
Interested Person Shawn Robtoy