STATE OF VERMONT

SUPERIOR COURT                                      ENVIRONMENTAL DIVISION
                                                    Docket No. 120-8-14 Vtec

---

Burns Two-Unit Residential Building

---

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Other (120-8-14 Vtec)

Title:          Motion for Summary Judgment (Motion 5)
Filer:          Michael Long
Attorney:       Norman C. Williams
Filed Date:     August 2, 2016

Response filed on 09/07/2016 by Attorney Kimberlee J. Sturtevant for Interested Person City of Burlington
        Agree w/rqst enlarge time
Response filed on 09/21/2016 by Attorney Brian P. Hehir for Appellee Cynthia Burns
        Opposition Stmnt Undisputed Material Facts Affid Mark Gadue Exh 2-6 Cert Service
Response filed on 10/03/2016 by Attorney Kimberlee J. Sturtevant for Interested Person City of Burlington
        Reply
Response filed on 10/07/2016 by Attorney Norman C. Williams for Appellant Jesse Robbins
        Reply

**The motion is DENIED.**

Appellants Michael Long and 18 other neighbors (Neighbors) seek to impose zoning requirements on the residential property at 12 Weston Street in Burlington, Vermont (Subject Property or Property). The Appellees are the property owners, Charles and Cynthia Burns (the Burnses). This case returned to the Court on a reversal and remand from the Vermont Supreme Court. In re Burns Two-Unit Residential Building, 2016 VT 63 (May 27, 2016). The Neighbors have filed a motion for summary judgment asking the Court to find that the Property requires a zoning permit. Specifically, they are asking the Court to reverse the Burlington Development Review Board's (DRB) decision that allows the Burnses to make interior alterations to the Property without a permit.

In its June 23, 2015 decision, this Court granted summary judgment to the Burnses, and rejected the Neighbors' claims. Burns Two-Unit Residential Building, No. 120-8-14 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. June 23, 2015) (Walsh, J.). The Court concluded the Neighbors could not appeal a City of Burlington zoning official's determination that the use of the Subject Property as a duplex predated the adoption of relevant zoning regulations and was therefore a permissible, nonconforming use. Because that determination was not timely appealed, this Court deemed it final and binding. The Court then affirmed the DRB's decision that the Burnses

did not need a permit to reconfigure the interior of the Subject Property.  Our analysis hinged on our view that the zoning official's determination was tantamount to an act or decision of the zoning administrator, which under 24 V.S.A. §§ 4472(d) and 4465(a) binds all affected persons in any proceeding if not appealed.[1]  Id. at 4.  Additionally, this Court found that if the Burnses had, as the Neighbors' alleged, increased the living space of the duplex and triggered the need for a zoning permit, it was an enforcement matter for the city.

The Supreme Court disagreed on both counts.  The Supreme Court found first that the zoning official's determination regarding the Property was not a decision of the administrative officer for the purposes of 24 V.S.A. § 4472(d).  In re Burns, 2016 VT 63 at ¶ 16.  Thus the Neighbors may appeal the determination that the use of the Property as a duplex is a permissible, nonconforming use.  Second, the Supreme Court held that the Neighbors' claim that the Burnses had increased the Property's living space is also appealable.  Id. at ¶ 17.  The Supreme Court remanded the matter to this Court to allow the Neighbors to present evidence and argument for their claims. Id.

In the present summary judgment motion, the Neighbors ask this Court to reverse the Burlington Development Review Board's decision to uphold the Certificate of Non-Applicability issued by the city's zoning administrator; find that a duplex is not a permissible use of the Property; and that the Property does not meet the requirements for a duplex and cannot be zoned as such.  The Neighbors are no longer asking this Court to determine whether the Burnses have increased the Property's living space, explaining that question is better handled in a zoning complaint filed with the city. Appellant's Mot. For Summ. J. at 10.

Summary judgment may only be granted when the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a) (applicable here through V.R.E.C.P. 5(a)(2)).  In reviewing a motion for summary judgment, the Court: 1) accepts as true any factual allegations made in opposition to the motion by the non-moving party, as long as they are supported by affidavits or other evidentiary material; and 2) gives the non-moving party the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted).

This case cannot be decided on summary judgment.  While many of the underlying facts are not in dispute, the most material one is:  whether or not the Subject Property may be used as a duplex.  The Neighbors claim a duplex was never permitted by the City of Burlington, and that any permissible, nonconforming use expired when the property conformed to the zoning code starting in 2008.[2]  That year, the city adopted the Comprehensive Development Ordinance, which created a new use for an owner-occupied, single-family home with an accessory dwelling unit.  The Neighbors assert the Property met that description from 2008 to 2014, when the prior owners lived there and rented out a third floor apartment.  They further argue that a permit is needed to reestablish the Property as a duplex.

The Burnses counter that the Property has been used as a duplex continuously since 1977, and was a four-unit apartment building prior to that.[3] They argue that the Property did not lose

---

[1] Integral to this Court's analysis was that the City of Burlington's Zoning Administrator personally reviewed and authorized the May 15, 2014 letter from the zoning official in response to a neighbor's complaint.

[2] A legal, nonconforming use is an activity conducted on a parcel of land or within a structure that was in existence prior to zoning regulations that would otherwise prohibit the use. 62 Am. Jur. Trials 1 (originally published in 1997).

[3] From 1969 to 1977, the Property's prior owners, the Gadues, used the Property as an investment, renting out four apartments.  The Gadues moved into the Property in 1977 and lived in three of the four apartments. Appelles' Statement of Undisputed Material Facts.

its nonconforming status. The Burnses produce affidavits by the Property's prior owner, Elizabeth L. Gadue, her son, A. Mark Gadue, and Monika Busse, a long-time renter to support their contentions, which this Court accepts as true. See Robertson v. Mylan Labs., Inc., 2004 VT 15 at ¶ 15 (internal citation omitted). The Burneses also provide the city zoning official's May 15, 2014 letter and two Burlington Department of Public Works' rental unit inspection reports from 1987 and 1991.

Based on the facts before the Court, and giving the non-moving party the benefit of all reasonable doubts and inferences, we conclude that there is genuine dispute as to material fact and the Neighbors are not entitled to judgment as a matter of law. The Neighbors summary judgment is therefore **DENIED**.

See the enclosed notice of status conference. Parties are directed to be prepared to discuss necessary pre-trial activities and provide a trial ready date.

So ordered.

Electronically signed on November 18, 2016 at 02:30 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Norman C. Williams (ERN 2739), Attorney for Appellant Michael Long
Norman C. Williams (ERN 2739), Attorney for Appellant Caryn Long
Norman C. Williams (ERN 2739), Attorney for Appellant Alex Friend
Norman C. Williams (ERN 2739), Attorney for Appellant Mary Moynihan
Norman C. Williams (ERN 2739), Attorney for Appellant Greg Hancock
Norman C. Williams (ERN 2739), Attorney for Appellant Kari Hancock
Norman C. Williams (ERN 2739), Attorney for Appellant Hamilton Davis
Norman C. Williams (ERN 2739), Attorney for Appellant Candace Page
Norman C. Williams (ERN 2739), Attorney for Appellant Matt Moore
Norman C. Williams (ERN 2739), Attorney for Appellant Susan Moakley
Norman C. Williams (ERN 2739), Attorney for Appellant Scott Richards
Norman C. Williams (ERN 2739), Attorney for Appellant Kathleen Donahue
Norman C. Williams (ERN 2739), Attorney for Appellant Peg Boyle Single
Norman C. Williams (ERN 2739), Attorney for Appellant Richard Single
Norman C. Williams (ERN 2739), Attorney for Appellant Paul Bierman
Norman C. Williams (ERN 2739), Attorney for Appellant Sandra Wynne
Norman C. Williams (ERN 2739), Attorney for Appellant Bret Findley
Norman C. Williams (ERN 2739), Attorney for Appellant Alexander Johnston
Norman C. Williams (ERN 2739), Attorney for Appellant Jesse Robbins
Kimberlee J. Sturtevant (ERN 4778), Attorney for Interested Person City of Burlington
Interested Person Judy P. Rosenstreich
Brian P. Hehir (ERN 4252), Attorney for Appellee Charles Burns
Brian P. Hehir (ERN 4252), Attorney for Appellee Cynthia Burns