STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Environmental Division Unit | Docket No. 120-8-14 Vtec |

| Burns Two-Unit Residential Building | JUDGMENT ORDER |

The matter before the Court relates to a residential building owned by Charles and Cynthia Burns (Applicants) located at 12 Weston Street in the City of Burlington, Vermont (the Subject Property). On June 3, 2014, Applicants submitted a form titled "Non-Applicability of Zoning Permit Requirements" to the City of Burlington (the City) Department of Planning and Zoning requesting a determination for interior renovations and reconfiguration of the two units in the building. That same day the City approved the form and determined no zoning permit was required for the proposed work. A group of neighbors—Michael Long, Alex Friend, Greg Hancock, Hamilton Davis, Matt Moore, Scott Richards, Peg Boyle Single, Paul Bierman, Bret Findley, Jesse Robbins, Caryn Long, Mary Moynihan, Kari Hancock, Candace Page, Susan Moakley, Kathleen Donahue, Richard Single, Sandra Wynne, and Alexander Johnston—(Neighbors) appealed that determination to the City of Burlington Development Review Board (DRB), which, by decision dated July 24, 2014, denied the appeal and affirmed that no zoning permit was required for Applicants' proposed work. Neighbors timely appealed the DRB decision to this Court.

In a June 23, 2015 decision, this Court granted summary judgment to the Burnses. Burns Two-Unit Residential Building, No. 120-8-14 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. June 23, 2015) (Walsh, J.). The Court concluded the Neighbors could not appeal a City of Burlington zoning official's determination that the use of the Subject Property as a duplex predated the adoption of relevant zoning regulations and was therefore a permissible, nonconforming use. Because that determination was not timely appealed, this Court deemed it final and binding. The Court then affirmed the DRB's decision that the Burnses did not need a permit to reconfigure the interior of the Subject Property. Our analysis hinged on our view that the zoning official's determination was tantamount to an act or decision of the zoning administrator, which under 24 V.S.A. §§ 4472(d) and 4465(a) binds all affected persons in any proceeding if not appealed.[1] Id. at 4.

The Neighbors appealed the June 23 decision to the Supreme Court. The Supreme Court concluded that the zoning official's determination regarding the Subject Property was not a decision of the administrative officer for the purposes of 24 V.S.A. § 4472(d). In re Burns, 2016 VT 63, ¶ 16, 148 A.3d 568. Thus, the Neighbors may appeal the determination that the use of the Subject Property as a duplex is a permissible, nonconforming use. The Supreme Court remanded the matter to this Court to allow the Neighbors to present evidence and argument for their claims. Id.

---

[1] Integral to this Court's analysis was that the City of Burlington's Zoning Administrator personally reviewed and authorized the May 15, 2014 letter from the zoning official in response to a neighbor's complaint.

On remand, the Neighbors again filed a motion for summary judgment. This Court denied the second motion for summary judgment on November 18, 2016, concluding that while many of the underlying facts are not in dispute, the most material one is in dispute: whether the Subject Property may be used as a duplex.

The parties completed additional discovery and the matter was set for trial on May 11 and 12, 2017. At the outset of trial, the Burnses verbally moved to withdraw their application for a determination of Non-Applicability of Zoning Permit Requirements. The neighbors objected to the withdrawal, offering that the underlying dispute of whether or not the Subject Property may be used as a duplex remained a live controversy that the Court should decide.[2] The Neighbors also offered that if trial does not go forward, it is likely that the underlying dispute will return to the City and possibly the Environmental Division via the Neighbors' request for enforcement. Thus, not going forward with the present trial would be inefficient for the parties. The City of Burlington took no position on the motion.

When an applicant withdraws the application at issue in our *de novo* review, the Environmental Division's subject matter jurisdiction ends. Additionally, the Environmental Division is without power to force an applicant to continue to pursue its application.[3] While the Court is concerned that the practical effect of granting the motion to withdraw will be inefficient should the underlying dispute continue, we have no authority to extend or continue our subject matter jurisdiction.

The Burnses' motion to withdraw their application is **GRANTED**. As such we **VOID** the June 3, 2014 determination of Non-Applicability of Zoning Permit Requirements (14-1172NA).

This concludes the matter.

So ordered.

**Electronically signed on May 11, 2017 at 1:42 PM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[2] Although Attorney Williams did not have time to research the issue presented with the last-minute motion to withdraw, he did offer that he believed the Court retained jurisdiction to hear the dispute. The theory offered is known as "conduct capable of repetition yet evading review." "This narrow exception applies only where: '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.'" State v. Rooney, 2008 VT 102, ¶ 11, 184 Vt. 620 (quoting In re Vt. State Employees' Ass'n, 2005 VT 135, ¶ 12, 179 Vt. 578 (mem.)). Examples of matters where this theory has been used is in cases of abortion, elections, and access for the press. See, e.g., id.; Price v. Town of Fairlee, 2011 VT 48, ¶ 24, 190 Vt. 66; Roe v. Wade, 410 U.S. 113 (1973).

[3] Mootness here is not overcome by the theory of "conduct capable of repetition yet evading review" as the use or activity at issue is not short in duration, and the use is unlikely to cease or expire before the parties have an opportunity to resolve a challenge to the use through litigation.