NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 37

No. 2021-131

| | |
|---|---|
| In re Burns 12 Weston Street NOV (Neighbors, Appellants) | Supreme Court |
| | On Appeal from Superior Court, Environmental Division |
| | December Term, 2021 |

Thomas S. Durkin, J.

Michael Long, Pro Se and Representative, Burlington, for Neighbors, Appellants.

Brian P. Hehir of Hehir Law Office, PLLC, Burlington, for Appellees.

PRESENT: Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Grearson, Supr. J. (Ret.), Specially Assigned

¶ 1. **CARROLL, J.** Neighbors appeal an Environmental Division order vacating a municipal notice of violation (NOV) alleging owners were using a two-unit building as an unpermitted duplex. The Environmental Division concluded that a 2006 amendment to the City of Burlington's zoning ordinance did not automatically reclassify the status or use of the building from a duplex to a single-family home with an accessory dwelling. It also held that a 2014 interior reconfiguration by owners did not change the property's use, and the zoning statute of limitations, 24 V.S.A. § 4454(a), barred the City's enforcement action in any case. We affirm.

## I. Background

¶ 2.     The following material facts are undisputed. A residential property located at 12 Weston Street in the City of Burlington was constructed in 1940 as a single-family home. The previous owners, the Gadues, acquired the property in 1969. Sometime before 1969 the building had been converted into a four-unit apartment building. From 1969 to 1977, the Gadues rented each of the building's four units to tenants. In 1977, they converted three units into one residence and moved in. They continued to rent the fourth unit on the third floor to a tenant until 2014. The Gadues never possessed a zoning permit for either a four-unit apartment building or reconfiguring the building into two units in 1977.

¶ 3.     Prior to 2006, the property was best characterized as an unpermitted duplex. The City, despite inspections in 1987, 1991, and 2005, never prosecuted this unpermitted use from 1977 to 2006. In 2006, the City amended its Comprehensive Development Ordinance (CDO). The relevant amendment provided that "[w]here there is a primary structure on a lot which exists as an owner-occupied single[-]family dwelling, one accessory dwelling unit, that is located within or appurtenant to such single-family dwelling, shall be allowed as a permitted use." The amendment further required that any accessory dwelling unit must meet several additional criteria, including the number of inhabitants per unit, maximum floor area, setback requirements, and maintaining off-street parking spaces. Elsewhere, the CDO provided that, "[f]or purposes of this ordinance a single-family detached structure with an accessory apartment shall not be considered a duplex." CDO art. 13, https://www.burlingtonvt.gov/sites/default/files/20201216%20ART13-Definitions.pdf [https://perma.cc/S3R4-MZX4].[1]

---

[1] It is not clear from the record whether this definition was first promulgated in 2006 or sometime later. Nonetheless, the date when it first appeared in the CDO does not affect our analysis.

¶ 4. In early 2014, owners Charles and Cynthia Burns signed a purchase-and-sale agreement with Elizabeth Gadue. Sometime thereafter, owners began reconstructing the interior. A neighbor, who is not a party in the present appeal, filed a complaint with the City's Code Enforcement Office alleging that owners were reconstructing the building into a duplex without a required permit. See In re Burns Two-Unit Residential Bldg., 2016 VT 63, ¶ 3, 202 Vt. 234, 148 A.3d 568. In May 2014, a "zoning specialist" in the Code Enforcement Office responded by letter to the complainant stating that after an investigation, no permit was required for the reconstruction because the building had been "used as a duplex from at least 1969" and that uses that preceded the adoption of the City's 1973 zoning ordinance were presumed valid because of the loss of records of that time.

¶ 5. Owners purchased the property in early June 2014. Around the same time, owners applied for a "Certificate of Non-Applicability of Zoning Permit Requirements" with the City's Department of Planning and Zoning. The Department approved owners' application. Neighbors appealed the City's approval. However, the Environmental Division concluded that neighbors' suit was barred because they did not timely appeal the zoning specialist's May 2014 determination. We reversed that decision, holding that neighbors were not precluded from appealing the City's non-applicability determination under 24 V.S.A. § 4472(d), because the statute applies only to zoning-administrator decisions, not decisions by zoning specialists. In re Burns, 2016 VT 63, ¶ 16.

¶ 6. On remand, owners voluntarily withdrew their application, and the Environmental Division dismissed the matter with prejudice. The dismissal order read in part, "the nature of the dismissal with prejudice in this matter is limited to preventing the Burnses from re-applying for the Certificate of Non-Applicability which is specifically at issue in this appeal. This order does not affect the status or use of the property which is the subject of this appeal."

¶ 7. At this point, we arrive at the events directly related to the present dispute. In March 2018, the City zoning administrator issued an NOV to owners, alleging that the building was an

3

unpermitted duplex in violation of the CDO. Owners appealed to the Development Review Board and neighbors again intervened. This time owners raised two claims. First, the City was estopped from enforcing the violation because it had deemed the duplex use lawful in 2014 by virtue of the zoning specialist's letter. Second, Vermont's statute of limitations for zoning violations, 24 V.S.A. § 4454(a), barred the enforcement action because more than fifteen years had elapsed since the unpermitted duplex use began. Owners did not challenge the NOV's findings that the building's use had changed several times after it was first constructed in 1940, and the City had never issued a zoning permit for any of those changes. The Board denied owners' claims, and owners appealed to the Environmental Division.

¶ 8.     Owners filed a summary judgment motion on their claim that the City was estopped from pursuing the enforcement action after it had previously "confirmed, ratified and constructively approved the duplex use" in 2014. Neighbors cross-moved for summary judgment arguing that owners were barred from litigating their claims under the doctrine of claim preclusion. The Environmental Division denied both motions. The court found that material facts were in dispute as to owners' equitable estoppel claim. It also concluded that its order dismissing owners' certificate of non-applicability expressly did not apply to the building's "status and use." Therefore, owners were not precluded from raising the defense for the first time in this action because the final judgment in the previous action did not apply to enforcement actions relating to use violations.

¶ 9.     Both parties filed subsequent summary judgment motions after this Court decided In re 204 North Avenue NOV, 2019 VT 52, 210 Vt. 572, 218 A.3d 24. In 204 North Avenue, we concluded that the statute of limitations for zoning violations, 24 V.S.A. § 4544(a), applies equally to "use" and "structural" violations. Id. ¶¶ 6-7. Owners argued that under 204 North Avenue, the NOV was unenforceable because it was issued forty-one years after the unpermitted duplex use began in 1977, long after the fifteen-year statute of limitations had run. Neighbors maintained that

4

the 2006 amendment to the CDO automatically changed the building's use from an illegal duplex to an unpermitted owner-occupied dwelling with an accessory dwelling unit, and that the 2014 reconstruction was therefore a violation of the CDO. The thrust of neighbors' position was that after 2006, the City could no longer prosecute the building as an illegal duplex because it was no longer a duplex at all. Instead, the property's status had changed to an owner-occupied residence with an accessory dwelling unit. As a result, they maintained, the 2018 NOV was issued well within the fifteen-year statute of limitations, given owners' 2014 reconstruction.

¶ 10. The Environmental Division granted owners' motion. It concluded that "pursuant to 24 V.S.A. § 4454(a) and the precedent of 204 North Ave[nue], the City was barred from prosecuting the [the illegal duplex use] because the [fifteen]-year statute of limitations had run." The court reasoned that the 2006 CDO amendment did not change the building's use from a duplex to a single-family residence with an accessory apartment because "there was no demonstration of compliance with the applicable use regulations or any change in use by the Gadues." The Environmental Division explained that it could find no reason preventing the City from prosecuting the illegal use before and after the 2006 CDO amendment. The court found that the City had inspected the property for various reasons on different occasions and had never found it to be anything other than either a multiple-unit dwelling or a duplex. Moreover, the court concluded that the 2014 reconstruction did not "materially" change the property's use or status. The building was a duplex before the reconstruction and remained a duplex afterward. This appeal followed.

## II. Discussion

### A. Standard of Review

¶ 11. We review the summary judgment decisions of the Environmental Division de novo. West v. N. Branch Fire Dist. #1, 2021 VT 44, ¶ 13, __ Vt. __, 257 A.3d 856. To prevail, the moving party must demonstrate that there is no genuine dispute of any material fact and that it

5

is entitled to judgment as a matter of law. V.R.C.P. 56(a). We give the nonmoving party "the benefit of all reasonable doubts and inferences." Gauthier v. Keurig Green Mtn., Inc., 2015 VT 108, ¶ 14, 200 Vt. 125, 129 A.3d 108 (quotation omitted).

## B. Claim Preclusion

¶ 12. We begin with neighbors' argument that claim preclusion, also called res judicata,[2] precludes owners' statute-of-limitations claim because owners did not raise it as a defense in the first litigation.

¶ 13. "[Claim preclusion] bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." Lamb v. Geovjian, 165 Vt. 375, 379, 683 A.2d 731, 734 (1996) (quotation omitted). "[C]laim preclusion rests on the fundamental precept that a final judgment on the merits puts an end to the cause of action . . . ." Nat. Res. Bd. Land Use Panel v. Dorr, 2015 VT 1, ¶ 11, 198 Vt. 226, 113 A.3d 400. Its purpose is to "deliver finality and repose [to final judgments]." Kellner v. Kellner, 2004 VT 1, ¶ 11, 176 Vt. 571, 844 A.2d 743 (mem.). Claim preclusion applies to affirmative defenses that could have been raised in the earlier action. Geovjian, 165 Vt. at 381, 683 A.2d at 735. However, the claim sought to be precluded must be one "that was or should have been litigated in the prior proceeding." In re 15-17 Weston Street NOV, 2021 VT 85, ¶ 23, __ Vt. __, 266 A.3d 770 (quotation omitted). Claim preclusion applies in zoning cases just "as in other areas of law." In re McGrew, 2009 VT 44, ¶ 10, 186 Vt. 37, 974 A.2d 619 (quotation omitted).

¶ 14. To determine whether two causes of action, including one not raised in an earlier proceeding, are "sufficiently similar for claim preclusion purposes," we focus on whether the

---

[2] We use the term "claim preclusion" in this opinion rather than "res judicata," because it is the more precise term. Res judicata refers both to claim preclusion and issue preclusion. See Faulkner v. Caledonia Cnty. Fair Ass'n, 2004 VT 123, ¶ 4 n.3, 178 Vt. 51, 869 A.2d 103.

claims arise "from 'all or any part of the [same] transaction, or series of connected transactions.' " Faulkner, 2004 VT 123, ¶¶ 11-12 (quoting Restatement (Second) of Judgments § 24(1) (1982) [hereinafter Restatement (Second)]). Some factors we weigh when making this determination include " 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' " Id. (citing Restatement (Second) § 24(2)). " '[N]o single factor is determinative.' " Id. (quoting Restatement (Second) § 24 cmt. b).

¶ 15. There is no dispute that the parties are the same in both litigations. Therefore, we first address whether owners should have raised the statute-of-limitations claim as a defense in the first action. See id. ¶ 13.

¶ 16. Claim preclusion "does not bar a litigant from doing in the present what he had no opportunity to do in the past." Drake v. FAA, 291 F.3d 59, 67 (D.C. Cir. 2002); see also Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 108 (2d Cir. 2015) ("Claim preclusion does not bar a claim arising subsequent to a prior action even if the new claim is premised on facts representing a continuance of the same course of conduct." (quotation omitted)); Maldonado v. U.S. Atty. Gen., 664 F.3d 1369, 1377 (11th Cir. 2011) ("A new claim is barred by res judicata if it is based on a legal theory that was or could have been used in the prior action. But the doctrine does not say that a new claim is barred when it is based on a new theory not otherwise available at the time of the prior proceeding." (citation omitted)).

¶ 17. As explained above, until this Court's decision in 204 North Avenue in late 2019, the Board or Environmental Division likely would not have recognized a claim that the fifteen-year statute of limitations had run. Owners chose not to rely on a defense in the first litigation that would likely have been futile. Litigants may argue untested or novel causes of action, but claim preclusion is not so high a bar as to ordinarily preclude claims premised on unsettled points of law litigants choose not to pursue. See State Farm Mut. Auto. Ins. Co. v. Duel, 324 U.S. 573, 577

7

(1945) ("[I]t is nevertheless the general rule that res judicata is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation."); see also Maldonado, 664 F.3d at 1377. Prior to 204 North Avenue, the Environmental Division and the Board had treated use violations as continuously occurring. Indeed, before 204 North Avenue issued, when owners raised the statute-of-limitations claim in this case, the Board concluded it "has consistently held that the [fifteen]-year statute of limitations does not apply to use violations." Thus, a claim based in § 4454(a) would not "have formed a convenient trial unit" and neither party would have expected to litigate the claim at that time. Restatement (Second) § 24(2). Owners' putative defensive claim in the first litigation did not arise from the same transaction or series of transactions as the claim in the present litigation.

¶ 18. Furthermore, after owners withdrew their certificate on remand in the first litigation, the Environmental Division dismissed the matter with prejudice. The court made the effect of this dismissal clear, stating that "the nature of the dismissal with prejudice in this matter is limited to preventing [owners] from re-applying for the [certificate] which is specifically at issue in this appeal. This order does not affect the status or use of the property which is the subject of this appeal."

¶ 19. We conclude that the dismissal order was an adjudication on the merits only regarding the matter of owners' 2014 certificate of non-applicability. It is true that this Court treats a voluntary dismissal with prejudice "as an adjudication on the merits." Littlefield v. Town of Colchester, 150 Vt. 249, 251, 552 A.2d 785, 786 (1988); see Reporter's Notes—1989 Amendment, Vermont Rule of Civil Procedure 48 ("The rule requires that the court specify that the dismissal is with prejudice, in order to eliminate subsequent litigation which would inevitably arise were the order silent on this point."). However, the Environmental Division expressly indicated that the order did not affect the building's status or use, and that owners could apply for a different certificate of non-applicability if they wanted to. The dismissal order states that owners stipulated

8

to a dismissal with prejudice if it was limited to the 2014 certificate. Moreover, allowing owners to raise the § 4454(a) claim here does nothing to disturb the "finality and repose" of the Environmental Division's order dismissing the first action. Kellner, 2004 VT 1, ¶ 11. Nothing in this enforcement action disturbs owners' long-withdrawn certificate of non-applicability.

¶ 20. Because the two causes of action are not substantially identical and there exists no final judgment on the merits as to the present litigation, claim preclusion does not bar owners' § 4454(a) claim.[3]

### C. 2006 CDO Amendment

¶ 21. We now turn to neighbors' argument that the 2006 CDO amendments converted the use of the property from an "illegal duplex" into an unpermitted owner-occupied dwelling with an accessory unit. Neighbors maintain that the Environmental Division erred when it held that the 2006 amendment had no effect on the property because the Gadues never attempted to apply for a permit or otherwise attempted to bring the property into a conforming use after 2006.[4] We

---

[3] Neighbors argue that In re McGrew, 2009 VT 44, supports their position that owners cannot raise the statute-of-limitations defense. However, In re McGrew is inapplicable because it involves the successive-application doctrine. Id. ¶ 11. Owners have not filed successive applications. Likewise, neighbors' reliance on Dorr, 2015 VT 1, is misplaced. In Dorr, respondents could have challenged a permit-enforcement action by claiming that the permit had expired before the action commenced, rendering the prosecution moot. Id. ¶ 13. However, respondents did not raise that defense at the earliest opportunity, nor at several subsequent opportunities. This Court held that respondents were precluded from relying on the claim after they raised it years later. Id. Here, owners had no opportunity to challenge a prior enforcement action because there was no prior enforcement action, much less a valid permit. The first litigation phase concerned the City's determination that zoning regulations did not apply to owners' interior reconstruction, not an enforcement action regarding whether owners were violating the terms of a permit.

[4] Neighbors cite numerous cases supporting this argument. However, neighbors do not cite City of St. Albans v. Hayford, 2008 VT 36, ¶ 11, 183 Vt. 596, 949 A.2d 1058 (mem.), a case in which we held that a municipality's adoption of new zoning regulations can, in certain circumstances, trigger new violations under 24 V.S.A. § 4454(a), if the prior use was not a nonconforming use and had never received an applicable permit. However, neither party raised Hayford below nor argued it on appeal. The argument is therefore waived. In re Hale Mtn. Fish & Game Club, Inc., 2014 VT 54, ¶ 18, 197 Vt. 217, 103 A.3d 890 ("[W]e conclude that neighbors

conclude that the statute of limitations had run well before 2006 regarding the property's use as an illegal duplex, and the 2006 CDO amendment did not and could not have converted the property's use. Our decision in 204 North Avenue compels this result. 2019 VT 52.

¶ 22. In 204 North Avenue, the subject property's prior owner had converted a duplex into a triplex without municipal approval in 1992. In 1993, City assessors found that the building had three units, not two as they had previously recognized. However, the City took no action. In 2002, the property was conveyed to a new owner who continued renting the building's three units. In 2017, the City issued an NOV against the new owner alleging a "change in use from a duplex to a triplex without zoning approval," in violation of the CDO. The owner did not dispute the property was in violation of the CDO but maintained that § 4454(a)'s bar on enforcement actions after fifteen-years applied to use violations. The Environmental Division held that § 4454(a)[5] did not apply to use violations. We reversed and held that the plain language of the statute indicated that it applied to all violations, both structural and use. 204 North Avenue, 2019 VT 52, ¶ 6. We explained this result made sense in light of the Legislature's desire to enable a "potential defendant's peace of mind, judicial efficiency, and the security of property transactions." Id. ¶ 8.

¶ 23. The facts here resemble those in 204 North Avenue. The building at 12 Weston Street was an unpermitted duplex from 1977 until 2006. The Gadues never received a zoning permit to construct the duplex in 1977 and took no action to conform the property to the new

_____

have waived these arguments by failing to raise them before the Environmental Division in the instant proceeding . . . .").

[5] Section 4454(a) of 24 V.S.A. provides in relevant part:

> An action, injunction, or other enforcement proceeding relating to the failure to obtain or comply with the terms and conditions of any required municipal land use permit may be instituted . . . against the alleged offender if the action, injunction, or other enforcement proceeding is instituted within 15 years from the date the alleged violation first occurred . . . .

10

permitted use allowed under the 2006 CDO amendment. The City inspected the building on several occasions after 1977. However, the City did not prosecute the unpermitted use until 2018, many years after the fifteen years provided by § 4454(a) had elapsed. Accordingly, we conclude that by 2006, § 4454(a) barred any enforcement action regarding the building's use as an unpermitted duplex.

¶ 24. Neighbors' argument that the City can restart § 4454(a) by passing an ordinance purporting to change the status or use of the property contravenes the purposes of § 4454(a) outlined in 204 North Avenue. 2019 VT 52, ¶ 8 ("[T]he Legislature's purpose was to streamline title searches and increase confidence in property ownership by limiting the time to enforce all zoning regulations."). The ruling neighbors urge us to adopt would almost certainly put potential buyers at risk for issues they could not identify in title searches, subject the judiciary to unnecessary and duplicative proceedings, and reduce the public's confidence in property ownership in the state.

¶ 25. However, even if this enforcement action were not barred by § 4454(a)—which it is—the CDO amendment would not have automatically reclassified the property's status or use, contrary to neighbors' assertion. The amendment required applicants wishing to receive a permit for the new use to meet several conditions and take a series of affirmative actions. For example, the amendment required that the accessory dwelling unit had to be "clearly subordinate to the primary dwelling," with a maximum floor capacity of no more than 30% of the total floor area. The accessory unit was required to be equipped with "facilities and provisions for independent living." No more than two adults could occupy the unit. The amendment required the unit to have sufficient wastewater capacity and meet "applicable setback and coverage requirements." Each accessory unit needed two parking spaces. Permittees were required to file a deed in the land records referencing the permit by number prior to the issuance of a certificate of occupancy. It is undisputed that the Gadues did not file a deed in the land records nor possess a certificate of

occupancy. Indeed, they took none of the actions the amendment required to have the property permitted for this use. The 2006 CDO amendment required more than mere acquiescence to reclassify an unpermitted duplex into an owner-occupied residence with an accessory dwelling unit. Accordingly, neighbors' argument fails.

### D. 2014 Interior Reconstruction

¶ 26. Neighbors next contend that owners' 2014 interior reconstruction constituted a use violation because it converted an owner-occupied dwelling with an accessory unit into an unpermitted duplex. However, this argument relies on the proposition that the 2006 CDO amendment automatically reclassified the property. As explained above, the 2006 CDO amendment did not reclassify the property. The property remains an unpermitted duplex, and any challenge to the property's use as a duplex has long been barred under § 4454(a).

¶ 27. Considering the disposition today, we do not reach neighbors' final argument regarding the Environmental Division's order denying the cross-motions for summary judgment on owners' equitable estoppel claim. Neighbors requested we reach this issue only in the event we concluded that § 4454(a) was not a bar to the enforcement action. Because it is, we do not proceed further.

Affirmed.

FOR THE COURT:

_____

Associate Justice