NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 52

No. 2018-340

In re 204 North Avenue NOV                                       Supreme Court
(Pierre Gingue, Appellant)
                                                                On Appeal from
                                                                Superior Court,
                                                                Environmental Division

                                                                April Term, 2019


Thomas S. Durkin, J.

John L. Franco, Jr., Burlington, for Appellant.

Kimberlee J. Sturtevant, Assistant City Attorney, Burlington, for Appellee.

Liam L. Murphy of MSK Attorneys, Burlington, for Amici Curiae Handy Investment Group,
 LLP and J & S, LLC.


PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1.    **REIBER, C.J.**    Property owner Pierre Gingue appeals the trial court's decision that a Notice of Violation (NOV) issued by the City of Burlington against property owner is not barred by the applicable statute of limitations, 24 V.S.A. § 4454(a). Based on the plain language of the statute, we hold that the statute of limitations does bar the NOV and reverse the trial court's decision.

¶ 2.    The following facts are undisputed. Sam Conant owned 204 North Avenue from 1979 to 2002, prior to the current property owner. The City assessed the property as a duplex in 1985. Conant converted the structure on the property from a duplex to a triplex in 1992 and began

renting its three units in 1993. He obtained a building permit prior to construction, but he never obtained the required certificate of occupancy.[1] In October 1993, City assessors inspected the property and found that the building contained three units. Property owner purchased 204 North Avenue from Conant in 2002 and continues to rent out the three apartments.[2] The City issued an NOV to property owner pursuant to 24 V.S.A. § 4551 in July 2017 for "a change of use from a duplex to a triplex without zoning approval," which the City stated was in violation of the City's Comprehensive Development Ordinance. Property owner does not dispute that the property is in violation of the ordinance.[3]

¶ 3. Property owner appealed the NOV to the Burlington Development Review Board, which denied his request, and then appealed again to the Environmental Division of the Superior Court. He and the City filed cross-motions for summary judgment to determine whether the applicable statute of limitations, 24 V.S.A. § 4454(a), barred the NOV. The Environmental Division granted the City's cross-motion for summary judgment and denied property owner's motion. In keeping with a longstanding Environmental Division interpretation of § 4454(a), the court distinguished between "use" and structural violations and determined the "change of use from a duplex to a triplex [was] a use violation" and "use violations . . . are not time-barred by the statute of limitations." See In re Budget Inn NOV, No. 50-4-13 Vtec, 2013 WL 6570739, at *3 (Vt. Super. Ct. Envtl. Div. Nov. 19, 2013), https://www.vermontjudiciary.org/sites/default/files

---

[1] It is unclear whether Conant should have obtained both a certificate of occupancy and a zoning permit, as the NOV indicates, or just the certificate of occupancy, as recounted by the trial court. The distinction is not relevant for the purposes of this opinion.

[2] The City disputes the relevance of property owner's statements about his current tenants and the affordability status of their units but does not dispute the continued use of the triplex as a rental property. We do not consider those facts because they are not necessary to this appeal.

[3] The City argues that if we conclude § 4454 applies to use violations, property owners could surreptitiously commence nonconforming uses and acquire a vested right to a continuing violation. We do not address that argument because that is not the situation here. This was an open violation that the City simply did not enforce.

/documents/Budget%20Inn%20NOV%20%2050-4-13%20Vtec.pdf [https://perma.cc/B94U-JPNH] (holding § 4454(a) "does not operate as an absolute bar to long-standing use violations because 'use violations are analyzed as continuing or recurring violations' " (quoting City of Burlington v. Richardson, No. 188-10-03 Vtec, 2006 WL 4088224 (Vt. Envtl. Ct. June 27, 2006) https://www.vermontjudiciary.org/sites/default/files/documents/03-188z%20BurlRichardson%20 sjo.pdf [https://perma.cc/5PC2-KLPS])). Property owner timely appeals.

¶ 4.     On appeal, the parties do not dispute the material facts, including whether the violation here was a use violation. Rather, they dispute whether, as a matter of law, § 4454(a) bars the City from issuing an NOV against property owner for that violation. "This Court reviews summary judgment rulings de novo, applying the same standard as the trial court." Jadallah v. Town of Fairfax, 2018 VT 34, ¶ 14, __ Vt. __, 186 A.3d 1111. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). "[W]e regard as true all allegations of the nonmoving party supported by admissible evidence and give the nonmoving party the benefit of all reasonable doubts and inferences." Jadallah, 2018 VT 34, ¶ 14 (quotation omitted). We review statutory interpretation without deference to the trial court. State v. Therrien, 2011 VT 120, ¶ 9, 191 Vt. 24, 38 A.3d 1129.

¶ 5.     Our goal in interpreting a statute is "to give effect to the intent of the Legislature." Id. "In determining that intent, we begin by looking to the plain language of the statute." Flint v. Dep't of Labor, 2017 VT 89, ¶ 5, 205 Vt. 558, 177 A.3d 1080. "If the plain language is clear and unambiguous, we enforce the statute according to its terms." Therrien, 2011 VT 120, ¶ 9. "As a corollary of this principle, we resort to other tools of statutory construction—such as legislative history—only if the plain language of the statute is unclear or ambiguous." Flint, 2017 VT 89, ¶ 5.

¶ 6.    Section 4544(a) states:

>   An action, injunction, or other enforcement proceeding relating to the failure to obtain or comply with the terms and conditions of any required municipal land use permit may be instituted under section 1974a, 4451, or 4452 of this title against the alleged offender if the action, injunction, or other enforcement proceeding is instituted within 15 years from the date the alleged violation first occurred and not thereafter . . . .

The statute's plain language does not distinguish between "use" and structural violations. It clearly applies to "the failure to obtain . . . any required municipal land use permit," with no exception for use violations. Id. (emphasis added). "In general, we will not read something into a statute that is not there unless it is necessary to make the statute effective." Weale v. Lund, 2006 VT 66, ¶ 6, 180 Vt. 551, 904 A.2d 1191 (mem.).

¶ 7.    Additionally, there is no purpose to the "first occurred" language if the statute of limitations does not apply to use violations. 24 V.S.A. § 4454(a). One instance of construction, such as changing the duplex to the triplex, occurs once; there is no "first" occurrence because there are no subsequent occurrences of the same construction. "First occurred" only makes sense for ongoing violations—such as use violations. When interpreting a statute, "[w]e presume that language is inserted advisedly and that the Legislature did not intend to create surplusage." McMurphy v. State, 171 Vt. 9, 12, 757 A.2d 1043, 1046 (2000); see also State of Vt. Agency of Nat. Res. v. Parkway Cleaners, 2019 VT 21, ¶ 24, __ Vt. __, 210 A.3d 445 (affirming our presumption that Legislature intended statutory language "be given meaning and force"). We conclude that § 4454(a) applies to all municipal land-use violations, including use violations, and that it bars the NOV here.

¶ 8.    Holding otherwise would result in a statute of limitations that authorizes the City to pursue use violations for so long as they continue. Such an authorization would come at the expense of potential defendants' peace of mind, judicial efficiency, and the security of property transactions, thereby frustrating the statute's purpose. See State v. Pollander, 167 Vt. 301, 308,

4

706 A.2d 1359, 1363 (1997) ("In interpreting a statute, we must examine the plain meaning of its language in light of the statute's legislative purpose." (quotation omitted)). The Legislature enacted the statute of limitations on enforcement of municipal land-use violations to "reduce the costs of title searches and title insurance." 1999, No. 46 §§ 1(b)(3), 7 (amending statute of limitations, which at that time was codified at 24 V.S.A. § 4496); see also 2003, No. 115 §§ 101, 119(c) (amending and recodifying statute of limitations at 24 V.S.A. § 4454). More specifically, the Legislature explained that it intended to eliminate the "costs and problems arising from" this Court's decision in Bianchi v. Lorenz, in which we held that a zoning violation could encumber real estate title. 1999, No. 46 §§ 1(a)(2), (7); 166 Vt. 555, 556, 701 A.2d 1037, 1038 (1997). Thus, the Legislature's purpose was to streamline title searches and increase confidence in property ownership by limiting the time to enforce all zoning violations. Creating an exception for use violations would circumvent that legislative intent.

¶ 9.    Accordingly, we hold the Environmental Division erred in concluding the statute of limitations did not bar the NOV and in granting the City's motion for summary judgment.

Reversed.

FOR THE COURT:

_____
Chief Justice

5