STATE OF VERMONT

SUPERIOR COURT
Environmental Division

Docket No. 75-7-18 Vtec

| | |
|---|---|
| Burns 12 Weston Street NOV | |

**Decision on Cross-Motions for Summary Judgment**

Charles and Cynthia Burns ("Appellants") appeal a June 19, 2018 decision of the City of Burlington Development Review Board ("DRB") that affirmed a notice of violation alleging an unpermitted duplex use at their property at 12 Weston Street in Burlington, Vermont ("the Property"). Neighboring property owners[1] ("Neighbors") have noticed themselves as Interested Persons in this matter. The City of Burlington ("City") is also a party to this appeal. Presently before the Court are Appellants' and Neighbors' competing cross-motions for summary judgment.

Appellants are represented by Brian P. Hehir, Esq. The City is represented by Kimberly J. Sturtevant, Esq. The Neighbors are represented by Norman Williams, Esq.

**Procedural Background**

This matter has a significant procedural history, which the Court summarized in a previous decision on cross-motions for summary judgment. *See* In re Burns 12 Weston St. NOV, No. 75-7-18 Vtec, slip op. at 1–3 (Vt. Super. Ct. Envtl. Div. Nov. 19, 2019) (Durkin, J.) (hereinafter referred to as "the 2019 SJ Decision"). A previously-filed appeal concerning this same property also provides background for our analysis here: *see* In re Burns Two-Unit Residential Bldg., No. 120-8-14 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. June 23, 2015) (Walsh, J.), *rev'd and remanded* 2016 VT 63, ¶ 9–16, 202 Vt. 234. When this Court addressed further pre-trial motions after remand, the appeal in Docket No. 120-8-14 Vtec was set for a *de novo* trial.

---

[1] The Neighbors appearing in this appeal as Interested Persons are Michael and Caryn Long, Paul Bierman, Hamilton Davis, Kathleen Donna, Alex Friend, Greg Hancock, Kari Hancock, Susan Moakley, Matt Moore, Mary Moynihan, Candace Page, Scott Richards, Peg Boyle Single, Richard Single, and Sandra Wynne.

At the outset of the trial on May 11, 2017, the Burnses' verbally moved to withdraw their application for a determination of Non-Applicability of Zoning Permit Requirements. In re Burns Two-Unit Residential Bldg., No. 120-8-14 Vtec, slip op. 2 (Vt. Super. Ct. Envtl. Div. May 11, 2016) (Walsh, J.). The withdrawal of the application effectively revoked this Court's subject matter jurisdiction. Id. Therefore, this Court granted the motion to withdraw the application and voided the June 3, 2014 Certificate.[2] Id. Subsequently, this Court granted Neighbors' motion to dismiss the appeal with prejudice. In re Burns Two-Unit Residential Bldg., No. 120-8-14, slip op. 1–2 (Vt. Super. Ct. Envtl. Div. June 8, 2016) (Walsh, J.) The Court noted that "the nature of the dismissal with prejudice in this matter is limited to preventing the Burnses from re-applying for the Certificate of Non-Applicability which is specifically at issue in this appeal. This order does not affect the status or use of the property . . . . [or] prohibit the Burnses from seeking a different Certificate of Non-Applicability." Id.

The dispute presently before the Court concerns a Notice of Violation ("NOV") issued on March 1, 2018 alleging the use of an unpermitted duplex at the Burnses' Property. Appellants timely appealed the NOV to the DRB, claiming that the City was estopped from asserting that the Property is in violation of the zoning regulations and asserting that the City lost its right to enforce the alleged violations when it failed to do so within 15 years from when the violation first occurred. The DRB upheld the NOV, concluding that applying equitable estoppel was not within its authority and that the use violation was not subject to the 15-year statute of limitations.

Appellants then timely appealed the DRB's decision to this Court and filed a motion for summary judgment. Neighbors responded by opposing Appellants' motion and filing their own cross-motion for summary judgment. On November 19, 2019, this Court issued its decision on those pending motions, concluding that:

> . . . there is a genuine issue of material fact concerning whether the City is equitably estopped from asserting that the property is . . . in violation of the zoning code. Therefore, we **DENY** Appellants' motion for summary judgement on Question 1 in their Statement of Questions. We also conclude that this Court

---

[2] This Court noted it was "concerned that the practical effect of granting the motion to withdraw will be inefficient should the underlying dispute continue," but recognized no authority to continue its subject matter jurisdiction. In re Burns Two-Unit Residential Bldg., No. 120-8-14, slip op. 2 (Vt. Super. Ct. Envtl. Div. May 11, 2016) (Walsh, J.).

previously dismissed without prejudice issues concerning the Property's status and use. Consequently, we **DENY** the Neighbors cross-motion for summary judgment on the basis of *res judicata*. We must therefore conduct an evidentiary hearing to determine the historical use of this Property, and whether the credible evidence supports a conclusion that such use has continuously existed to such an extent as to enjoy the statutory limit upon when zoning violations may be prosecuted. See 24 V.S.A. §4544(a); In re 204 N. Ave. NOV, 2019 VT 52.

In re Burns 12 Weston St. NOV, No. 75-7-18 Vtec slip op. at 11 (Vt. Super. Ct. Envtl. Div. Nov. 19, 2019) (Durkin, J.)

After having issued that SJ Decision, the Court intended to schedule this matter for a merits hearing. However, as our state, country, and world became paralyzed by the COVID-19 pandemic, our Supreme Court issued its Administrative Order (AO #49, with amendments) prohibiting in-person hearings and initially restricting even remote hearings.

Appellants' current motion for summary judgment was filed on February 14, 2020; Neighbors' Opposition to Appellants' Motion and Neighbors' Cross-Motion for Partial Summary Judgment was filed on March 16, 2020; and the City's Response to Appellants' Motion for Summary Judgment was filed on March 24, 2020. The pending motions thereafter came under advisement on April 28, 2020. The undersigned regrets that other matters and the complexity of responding to the pandemic frustrated our ability to address the pending motions in a more timely manner.

Parties are generally encouraged to present legal issues they believe can be addressed in pre-trial rulings in a single pre-trial motion. In re Donovan Conditional Use Permit Application, No. 83-6-12 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. July 24, 2013) (Walsh, J.) (noting that this "Court does not condone the practice of submitting successive motions for summary judgment on the same question. If alternative arguments exist, the better and more efficient practice is for litigants to make them within one filing, rather than testing them out one at a time."). Neighbors and Appellants have now each presented a second summary judgment motion for the Court's review. Even considering the Donovan precedent, we conclude that it is prudent to address the legal issues presented in the pending motions.

By the two pending motions, Appellants and Neighbors seek a more detailed analysis of whether the statutory limitations on a municipal enforcement action against long-standing

zoning violations applies to the facts presented in this litigation.  *See* 24 V.S.A. § 4454(a); *see also* In re 204 North Ave. NOV, 2019 VT 52, ¶ 7, 210 Vt. 572.[3]

## Factual Background[4]

We recite the following background, which we understand to be undisputed unless otherwise noted, solely for the purposes of deciding the pending summary judgment motions. This background does not constitute factual findings, since factual findings cannot be rendered until after the Court conducts a trial.  *See* Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (*citing* Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)).

1.      Appellants Charles and Cynthia Burnes own a two-unit residential apartment building located at 12 Weston Street, in Burlington, Vermont ("the Property").  They do not occupy either of the apartments at the Property themselves; they presently rent each apartment to others.

2.      The Property has a long history of being used as both a home for its then owners and as a multi-unit apartment building.

3.      The Property's history, as reported in this litigation, dates back to 1969, when it was then owned by members of the Gadue family.  At the time of the Gadue family purchase, the Property was operated as a four-unit apartment building.  There was no documentation provided to show that the use of the Property as a four-unit apartment building had ever been approved under the then existing zoning regulations.

4.      In 1977, the Gadue family decided to use the property as their primary residence.  They converted the three apartments on the first and second floors to a single dwelling unit and used that unit as their primary residence.  They continued to maintain the dwelling unit on the third floor as a separate apartment, to be rented to another.

---

[3]  While the Supreme Court announced its decision in the 204 North Ave. NOV appeal several months prior to our decision on the first round of summary judgment motions in this proceeding, this Court only briefly referenced the 204 North Ave. NOV precedent in that prior SJ Decision.  *See*, In re Burns 12 Weston St. NOV, No. 75-7-18 Vtec slip op. at 11 (Vt. Super. Ct. Envtl. Div. Nov. 19, 2019) (Durkin, J.).

[4]  Some of the background we recite here mirrors the background recited in our prior summary judgment Decision.  *See* In re Burns 12 Weston St. NOV, No. 75-7-18 Vtec slip op. at 3–5 (Vt. Super. Ct. Envtl. Div. Nov. 19, 2019) (Durkin, J.).  We have added to this background where the parties have provided additional factual representations that are material to our decision on the pending summary judgment motions.  We also rely upon the background recited in our 2019 SJ Decision to the extent it is material to the legal issues we address here.

5. There was no evidence presented that the Gadues applied for or received permit approval to convert their building from a four-unit apartment building to a two-unit apartment building.

6. Appellants purchased the Property from Elizabeth L. Gadue ("prior owner") by Trustee's Deed dated June 6, 2014. Ms. Gadue had continuously used the apartment on the first and second floors as her primary residence until the sale to Appellants.

7. The transfer tax return that was filed with the prior owner's Deed to Appellants stated that the property consisted of a "multi-family dwelling."

8. The purchase and sale agreement for the Property between Appellants and the prior owner includes a description of the Property as a "lot of land with a two unit apartment building." The prior owner and Appellants subsequently executed an addendum to the purchase and sale agreement in which the prior owner affirmed that the Property had been used as a duplex/multi-family dwelling since 1969.

9. The purchase and sale agreement between the prior owner and Appellants was signed as of January 21, 2014. Apparently with the consent of the prior owner, Appellants negotiated and signed leases to rent out two apartments in the Building before their closing was completed; the leases were executed on February 24, 2014 and noted that the lease terms would begin on June 1, 2014.[5] Both leases were for a one-year term.

10. One of those leases was entered into with four prospective tenants and identified the leased property as the "second and third floor unit" at the Property. The second lease was entered into with three prospective tenants and identified the leased property as "the ground and first floor" unit.

11. During the Spring of 2014 (again, apparently with the then owner's consent and prior to the actual closing on the Property), Appellants reconstructed the interior of the Property, such that it would contain two rental units, the first consisting of the ground and first floors and the second unit consisting of the second and third floors.

12. On June 3, 2014, a City Zoning Official, in response to Appellants' request for a determination of whether a zoning permit was needed in light of the interior reconstruction at

---

[5] The Court has been made aware from other litigation that it is common for apartment rental terms in Burlington, particularly when the tenants are college students, to commence on June 1 and run through May 31 of the following year.

the Property, responded by noting that the reconstruction consisted of "interior work only, no exterior changes. Two units only are recognized. No additional living space or increase in the number of rooms."[6]

13.     Neighbors timely appealed this determination that Appellants' interior reconstruction did not require a zoning permit. As summarized above at page 2, when this matter proceeded to trial, Appellants moved to withdraw their application and requested that the Zoning Official's determination that a zoning permit was not required be vacated. In re Burns Two-Unit Residential Bldg., No. 120-8-14 Vtec, slip op. 2 (Vt. Super. Ct. Envtl. Div. May 11, 2016) (Walsh, J.). The Court then also dismissed the Neighbors' appeal and ruled that the dismissal "does not affect the status or use of the property . . . .." Id.

14.     Appellants and the City dispute how the document on which the Zoning Official made these notations should be characterized. Appellants assert that it constitutes a zoning permit; the City asserts that it is not a permit, but rather is merely a determination of non-applicability, concluding that a zoning permit is not required under the then current zoning regulations. This dispute does not factor into our analysis, since those proceedings ultimately led to that determination being vacated.

15.     Both the City and Neighbors assert that as of and after 2006, the use by the Gadue family was best characterized not as a duplex, but rather as a owner-occupied residence with an accessory dwelling within the building. Such a use became recognized as allowed under a 2006 amendment to the zoning regulations, subject to permit approval. Appellants dispute this characterization of the prior owner's use of the Property and assert that the prior owner's use of the Property was as a long-standing, but unpermitted duplex.

16.     No evidence has been presented that the prior owner applied for or received zoning approval for the Property to be used as an owner-occupied primary residence with an accessory dwelling.

17.     No evidence was presented that the prior owner ever asserted that their Property contained an accessory dwelling associated with their primary dwelling use.

_____

[6] The document on which the Zoning Official made these notations was not filed as an exhibit in this litigation by any party.

6

18.     The City has a regular process of inspecting rental units every four years "to ensure safe and healthy living conditions for Burlington Residents." Appellants Exhibits 2 and 3. On March 4, 1987 and on November 20, 1991, an official from the City of Burlington Public Works Department inspected the Property and reported back to the then owner (the Gadue family) that "upon inspection, I found no apparent minimum housing violations." Id. The November 21, 1991 notice specifically referenced the single rental apartment on the third floor of the property. Appellants Exhibit 3.

19.     On September 23, 2005, an official from the Public Works Department in charge of issuing and inspecting for electrical permits, inspected the Property and its two dwelling units. This inspection appears to have been conducted to determine whether the "newly installed ac/dc interconnected smoke detectors" complied with the applicable City Ordinance. An electrical permit was issued, confirming that the smoke detectors in the dwelling units complied with the applicable ordinance. The inspector noted that there was "one [rental] unit only in an owner occupied duplex." Appellants Exhibit 4.

20.     The City of Burlington Public Works Department is a subdivision of the City.

21.     On March 1, 2018, the City issued a Notice of Zoning Violation that the City served upon Appellants on March 1, 2018 ("NOV"), asserting an "unpermitted duplex" in use at the Property as an enforceable violation. The NOV was timely appealed, and the DRB upheld the NOV, concluding that the violation is not subject to the 15-year statute of limitations established in 24 V.S.A. § 4454(a).

22.     Appellants timely appealed the DRB decision to this Court.

### Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2); *see also* Pettersen v. Monahan Safar Ducham, PLLC, 2021 VT 16, ¶ 9 (*citing* Morrisseau v. Hannaford Bros., 2016 VT 17, ¶ 12, 201 Vt. 313). When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Pettersen, 2021 VT 16, ¶ 9 (*citing* Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356). In determining whether there is

any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A); *see also* Lawson v. Halpern-Reiss, 2019 VT 38, ¶ 21, 210 Vt. 224 (*quoting* Gross v. Turner, 2018 VT ¶ 8, 208 Vt. 112) (noting that once a claim is properly supported in a motion for summary judgment, the nonmoving party must come forward with admissible evidence to raise a dispute regarding the facts); V.R.C.P. 56(c)(1)(A). In considering cross-motions for summary judgment, the Court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332. We follow these legal standards in our review below of Appellants' and Neighbors' pending summary judgment motions.

## Discussion

**I. Appellants' summary judgment requests.**

By their pending motion, Appellants ask us to revisit the precedent established by our Supreme Court in 204 North Avenue NOV, 2019 VT 52, and determine that the City may not prosecute Appellants here pursuant to the NOV due to Appellants' assertion that their Property has been continuously used as an unpermitted duplex since 1977. Their challenge is contained in their Question 2 from their Statement of Questions, filed on July 26, 2018, which asks whether "the City may commence zoning enforcement of the duplex use when the use has existed for more than 15 years."

The Supreme Court's decision in 204 North Ave. NOV is well reasoned and has already been referenced by this Court in three recent appeals. *See* 15-17 Weston St. NOV Appeal, No. 40-3-19 Vtec (Vt. Super. Ct. Envtl. Div. Jan. 22, 2021) (Durkin, J.) (*appeal pending*); In re: Bundy Staniford Road Non-Applicability Determination Appeal (#19-0547DT), No. 57-5-19 Vtec (Vt. Super. Ct. Envtl. Div. March 26, 2021) (Durkin, J.) (*appeal pending*); and In Re Benoit Conversion Application, Nos. 143-7-08 Vtec, 148-8-04 Vtec, and 126-7-04 Vtec (Vt. Super. Ct. Envtl. Div. April 20, 2021) (Durkin, J.).

However, the 204 North Ave. NOV Decision overruled precedent that this Court had recognized for nearly two decades. *See* In re 204 North Ave. NOV, 2019 VT 52, ¶ 7, 210 Vt. 572

8

(holding that the 15-year statute of limitations on zoning enforcement provided by 24 V.S.A. § 4454(a) "applies to all municipal land-use violations, including use violations"); *see also, e.g.*, City of St. Albans v. Hayford, No. 161-9-03 Vtec, slip op. at 5 (Vt. Envtl. Ct. June 1, 2004) (Wright, J.). Thus, this Court must assume some responsibility for establishing the precedent relied upon by many municipal panels, including the DRB here, in denying Appellants' appeal and concluding that use violations are not governed by the 15-year statutory limit on enforcing zoning violations.

The precedent referenced in the Hayford appeal was premised upon the notion that use violations are considered to be "continuing violations" because each day a use continues is regarded as a new zoning offense. *See* Hayford, No. 161-9-03 Vtec, slip op. at 5 (June 1, 2004); 24 V.S.A. § 4451(a)(3). However, by the 204 North Ave. NOV Decision, the Supreme Court made clear that 24 V.S.A. § 4454(a) effectuates a limitation after 15 years on all zoning violation enforcement actions, including for use violations. 204 North Ave. NOV, 2019 VT 52, ¶ 7.

This 15-year clock begins to run from the time that the violation "first occurred" and will operate to bar enforcement actions against zoning violations that have continued for 15 or more years. Id. at ¶ 6. The Supreme Court reasoned that this limitation against municipal enforcement must pertain to use violations because the "statute's plain language does not distinguish between 'use' and structural violations. It clearly applies to 'the failure to obtain . . . *any* required municipal land use permit.'" Id. (emphasis in original).

The facts presented in the case at bar are strikingly similar to the facts presented in 204 North Ave. NOV. Appellants here do not dispute that neither they nor their predecessors in title applied for or obtained a zoning permit that authorized the use of their Property as a duplex. In fact, they do not appear to dispute that their use constitutes a violation of past and present zoning regulations. However, they also assert that the Property has been used as a duplex since 1977, when the prior owners converted the property from a four-unit apartment building to a two-unit apartment building.[7] The conversion created one dwelling unit encompassing the first and second floors of the building, and a second dwelling unit encompassing the third floor.

---

[7] The record before us also suggests that when the Gadue family first used the Property as a four-unit apartment building after their purchase in 1969, no permit was applied for or received to authorize that use.

Both Neighbors and the City argue that the use of the Property has changed twice since 1977. It is undisputed that the prior owners, the Gadues, occupied the larger dwelling unit and rented the unit on the third floor to a third party from 1977 to 2014. It is also undisputed that prior to 2006, this use was best characterized as an illegal duplex. However, Neighbors and the City assert that the first change in use occurred in 2006 when an amendment to the applicable zoning regulations created an new lawful use described as an owner-occupied dwelling with an accessory apartment; the City and neighbors contend that this zoning amendment automatically converted Appellants' use from an unpermitted duplex to an unpermitted owner-occupied single family residence with an accessory apartment.[8] *See* City of Burlington Comprehensive Development Ordinance ("CDO") § 5.4.5(a). Neighbors contend that this amendment meant the use could no longer be prosecuted as an illegal duplex. See CDO Art. 13 (defining "Duplex" and stating that "a single-family detached structure with an accessory apartment shall not be considered a duplex").

We do not believe that the facts presented or the applicable law warrant that the Gadues' use of the Property was automatically reclassified, nor do the facts or law establish that the amended CDO prevented the City from prosecuting the illegal duplex use.[9] CDO § 5.4.5, the provision created by the 2006 amendment, governs accessory dwelling units "as mandated by" 24 V.S.A. § 4412(1)(E). *See* CDO § 5.1.1(g); City Exhibit 101. In turn, 24 V.S.A. § 4412(1)(E) mandates that "no bylaw shall have the effect of excluding as a permitted use one accessory dwelling unit . . . within . . . a single-family dwelling on an owner-occupied lot." Municipalities may "require a single-family dwelling with an accessory dwelling unit to be subject to the same review, dimensional, or other controls as required for a single-family dwelling without an accessory dwelling unit." 24 V.S.A. § 4412(1)(E). Therefore, the CDO does not distinguish between

---

[8] In 2006, the City enacted zoning amendment #2005-01, a copy of which the City presented as City Exhibit 101, in support of its March 24, 2020 Response to Appellants' Motion for Summary Judgment. That zoning amendment created an allowed use described as an owner-occupied single-family residence with an accessory apartment. *See* City Exhibit 101; City of Burlington Comprehensive Development Ordinance ("CDO") § 5.4.5(a).

[9] Though we conclude that nothing in the ordinance itself prevented enforcement, we note that 29 years had passed from when the Gadue family "commenced" the illegal duplex and until the zoning regulation was amended (i.e.: between 1977 and 2006). Therefore, pursuant to 24 V.S.A. § 4454(a) and the precedent of 204 North Ave., the City was barred from prosecuting the violation because the 15-year statute of limitations had run. *See* In re 204 N. Ave. NOV, 2019 VT 52.

single-family dwellings with or without accessory apartments for purposes of minimum lot size requirements in the Residential Low Density Zoning District. *See* CDO Table 4.4.5-1. Duplexes, by contrast, are subject to more restrictive requirements. See <u>id</u>. (setting a minimum lot size of 6,000 square feet for "Single detached dwelling" and 10,000 square feet for "Duplex and above").

In this context, it is clear that "a single-family detached structure with an accessory apartment shall not be considered a duplex" because to do so would violate the requirement of 24 V.S.A. § 4412(1)(E) that these uses should be subject to the same review as other single-family dwellings. *See* CDO Art. 13 (defining "Duplex"); *see also* <u>In re Vermont Nat. Bank</u>, 157 Vt. 306, 312 (1991) ("We consider the whole of the ordinance and try to give effect to every part.") (citation omitted). Importantly, however, the Gadues never sought approval for or demonstrated compliance with the requirements for any particular use. They simply continued using their Property as a "single structure containing two (2) separate dwelling units" for over 29 years. *See* CDO Art. 13 (defining "Duplex").

The Gadues effectuated the change of their Property to a duplex in 1977 and made no changes to their Property in 2006 once the zoning regulations were amended. We respectfully reject the assertions by the City and Neighbors that the Gadues' use of their Property changed from a duplex to a single-family residence with an accessory apartment in 2006, given that there was no demonstration of compliance with the applicable use regulations or any change in use by the Gadues. Furthermore, aside from the statute of limitations set forth under 24 V.S.A. § 4454(a), we see nothing that would have prevented the City from prosecuting the illegal use, given that it was unpermitted.

Neither the Gadues nor Appellants have ever asserted that their Property was an owner-occupied single-family dwelling, with an accessory apartment. The Gadues never applied for a permit for such use, and the City never issued such a permit. In fact, when Neighbors requested that the City admit that Ms. Gadue's use of the Property "is consistent with" the zoning regulations authorizing the use described as an owner-occupied dwelling with an accessory apartment, the City replied: "Denied. The property never applied [sic] for or received approval for an accessory apartment therefore no demonstration that" Ms. Gadue's use was consistent with that zoning regulation. *See* City's Response to Neighbors' Requests to Admit at p. 6,

11

Question 32, a copy of which was submitted as Exhibit 5 in support of Appellants' Statement of Undisputed Facts.

There is no support in the record before us for a characterization that either Ms. Gadue or Appellants used the Property in this manner–especially given the City's own acknowledgment that the use of the Property did not receive approval or comply with requirements for either a duplex or a single-family dwelling with an accessory apartment. *See* City of Burlington's Response to Appellants' Motion for Summary Judgment, filed Mar. 24, 2020.

Neighbors and the City contend that the second change in use occurred when Appellants purchased the Property in 2014: they note that Appellants did not continue the prior owner's use of one of the apartments as an owner-occupied dwelling. Instead, Appellants reconfigured the interior to accommodate two apartments for rent. Neighbors assert that this reconfiguration somehow changed the use of the Property. But the facts presented do not support this legal conclusion. In particular, we have not been presented with specific facts that would allow us to conclude that these changes were so material as to change the use of the Property; it was used before as a two-unit apartment dwelling, and the use as a two-unit apartment dwelling continued after Appellants' renovations.[10] That use continued after Appellants' 2014 purchase and continued up to and after the City served Appellants with the NOV in 2018.

Appellants want to characterize a Zoning Official's 2014 review of their interior renovations as a zoning permit. The documentation presented does not support this characterization. In fact, that Official's determination that a zoning permit was not needed was voided during the subsequent litigation before this Court. *See* In re Burns Two-Unit Residential Bldg., No. 120-8-14 Vtec, slip op. 2 (Vt. Super. Ct. Envtl. Div. May 11, 2016) (Walsh, J.). We therefore place no weight upon the Zoning Official's 2014 determination. But the fact that this Court voided that Official's determination does not obviate the fact that Appellants continued the use of the Property as a duplex, which has not been materially changed since 1977.

We note that after their 2014 inspection of the Property, the Zoning Official referenced Appellants' Property as containing two dwelling units. *See* Background, above, at ¶ 12. Other

---

[10] Interestingly, we are not aware of precedent that regards a reconstruction or reconfiguration of a building to automatically result in a change of use of that building.

City officials similarly characterized the use of the Property as a "duplex" after their inspections of the property in 1987 and 1991. *See* Background, above, at ¶ 18. We do not regard these characterizations as use determinations adopted by the City Zoning Administrator, since the Administrator did not take part in any of these inspections or determinations. *See*, In re Burns Two-Unit Residential Bldg., 2016 VT 63 at ¶ 16, 202 Vt. 234. However, we believe that the observations by City officials when they inspected the property in 1987, 1991, and 2014 provide some credible reinforcement for Appellants' assertion that the Property was all along being used as a duplex.

The only evidence presented supports our conclusion that both Ms. Gadue and Appellants have continuously used the Property as a two-unit apartment building, that such use began when the Gadue family converted the Property from a four-unit to a two-unit apartment building in 1977, and that Appellants continued that use past their receipt of the City's NOV in 2018.

II.     **Neighbors' summary judgment requests.**

Neighbors cross-move for summary judgment, basing their request on two primary legal assertions: first, that the 2006 zoning amendment caused the Gadues' use of the Property to change and second, that Appellants' 2014 internal reconstruction of the duplex constituted a new and different use for the Property, such that the 15-year statute of limitations governing zoning enforcement actions was reset to begin in 2014. We review each of Neighbors' assertions in turn.

As noted above, the Gadues' change of use from a four-unit apartment building to a duplex (with one unit occupied by the then owners) began in 1977. That use continued through the sale to Appellants in 2014. Neighbors contend that the ordinance revisions in 2006 transformed the Property's use to a permitted use (the classification known as "owner-occupied dwelling with an accessory apartment"). However, there is no support in the record before us that the Gadues' intent or actual use of the property had changed. The fact that the Gadues did not apply for or receive a permit for this new type of permitted use reinforces our conclusion that the Gadues' use did not change. We conclude that when determining how to classify the use to which an owner puts a property, their actions and intent carries significant weight in classifying their use, especially when weighed against a hypothetical use classification.

13

Neighbors assert that, "following the adoption of the CDO [amendment] in 2008, [sic] Mrs. Gadue could not have been prosecuted for using her Property as an illegal duplex, because it no longer fit that description."[11] We understand that what Neighbors are attempting to assert here is that once the CDO was amended in 2006 to include an authorized use as an owner-occupied dwelling with an accessory apartment (which could not be regarded as a duplex, pursuant to the CDO), Ms. Gadue's use of the property was automatically transformed into that new use and could no longer be considered a duplex. As we explained in the context of analyzing Appellants' motion, above, this is a mischaracterization. Even if Ms. Gadue had asserted that she now wished to characterize her use as an owner-occupied dwelling with an accessory apartment, the City would still have had grounds to prosecute a zoning violation, since Ms. Gadue had never demonstrated compliance with the requirements for a dwelling with an accessory apartment. See CDO Art. 13 (defining "Duplex" as "[a] single structure containing two (2) separate dwelling units").

Neighbors appear to place great weight in their legal arguments on the amendment of the applicable zoning regulations in 2006. Given that Ms. Gadue and her family had been using the Property as a duplex since 1977, that use would have continued for 29 years prior to the zoning amendment, Thus, by the time that the zoning amendment was enacted, the Gadues' use of the Property as a duplex was an illegal use that could not be prosecuted, pursuant to 24 V.S.A. § 4451(a).

The history of the Property's use in violation of the applicable zoning regulations has continued since 1977 and has not, until 2018, been the subject of a zoning enforcement action.

For all these reasons, we conclude that Appellants' Property has been used as an illegal duplex, in violation of the applicable zoning regulations, for more than 15 years. Because of that continued illegal use, 24 V.S.A. § 4451(a) bars the City from prosecuting the 2018 NOV.

## Conclusion

For the forgoing reasons detailed above, we conclude that the City's prosecution of the 2018 NOV is barred by 24 V.S.A. § 4454(a). We therefore **GRANT** Appellant's motion for summary

---

[11] We believe Neighbors' reference to 2008 is in error, because we understand that the CDO was amended in 2006. *See* City Exhibit 101.

judgment and **DENY** Neighbors' cross motion for summary judgment. As a consequence of these determinations, we **REVERSE** the June 19, 2018 Decision of the City of Burlington Development Review Board and do hereby **VACATE** the March 1, 2018, notice of violation served upon Appellants by the City of Burlington Zoning Administrative Officer. Given these rulings, we conclude that Appellants' Question 1 is **MOOT**[12] and answer Appellants' Question 2 in the negative.

A Judgment Order accompanies this Decision on Cross-Motions for Summary Judgment. This completes the current proceedings before this Court in this appeal.

Electronically signed on May 14, 2021, at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

---

[12] Appellants' Question 1 asks "[w]hether or not the City is estopped from zoning enforcement as to the current duplex use, when the City previously in May 2014 deemed the duplex use lawful and said decision was not appealed." *See* Statement of Questions, filed July 26, 2018.